UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIO NORRIS,

                Plaintiff,

   v.                                         **DECISION AND ORDER**
                                                              05-CV-689S

P.S. ELLIOTT, INC.,

                Defendant.

---

## I. INTRODUCTION

Plaintiff Mario Norris, acting *pro se*, brought this action for employment discrimination against his former employer pursuant to Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff alleges that Defendant, P.S. Elliott, Inc., fired him after he refused to engage in a sexual relationship with his supervisor. Currently before this Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which argues that the doctrine of res judicata bars Plaintiff from litigating his claim in federal court. For the reasons set forth below, Defendant's motion is granted.

## II. BACKGROUND

The following facts, which are referred to in the Complaint, are taken as true for purposes of the instant motion. On March 21, 2002, Plaintiff filed a verified complaint with the New York State Division of Human Rights ("DHR") alleging that his supervisor, Miriam Lebron, sexually harassed him while he was employed at P.S. Elliott, Inc. between December 10, 2001, and January 10, 2002. (DHR Ord., p. 1).[1] Plaintiff alleges that Ms.

---

[1] The DHR's Determination and Order after Investigation is attached as an exhibit to the Complaint (Docket No. 1) and as Exhibit A to the Affidavit of Michael R. Moravec in Support of Defendant's Motion to Dismiss (Docket No. 9).

Lebron threatened to fire him if he would not engage in sexual relations with her and offered to promote him to assistant supervisor in exchange for sexual favors. Plaintiff contends that when he refused her advances, Defendant P.S. Elliott, Inc. fired him. (Pl.'s Resp., ¶ 1).

According to the DHR Determination and Order After Investigation, dated April 29, 2005, the investigation did not support Plaintiff's allegations of sexual harassment. (DHR Ord., p. 1). To the contrary, the investigation supported a conclusion that either Plaintiff and Ms. Lebron were having a consensual relationship, or that Plaintiff was sexually harassing Ms. Lebron. (DHR Ord., p. 3). DHR concluded that P.S. Elliott, Inc. terminated Plaintiff for non-discriminatory reasons and that it did not violate the New York State Human Rights Law. (DHR Ord., p. 3). On these bases, DHR dismissed Plaintiff's verified complaint. The Determination and Order notified Plaintiff that he could appeal the agency's decision in state court, but that an adverse decision there could preclude further litigation of the complaint in federal court. (DHR Ord., p. 4).

DHR also notified Plaintiff that under Title VII of the Civil Rights Act of 1964, his verified complaint had been filed with the U.S. Equal Employment Opportunity Commission (EEOC), where he could receive a review of the action upon written request. (DHR Ord., p. 4). On July 13, 2005, the EEOC adopted the findings of the DHR and served Plaintiff with a Dismissal and Notice of Right to Sue. (EEOC Not.).[2] On or about June 30, 2005, Plaintiff filed a Request for Judicial Intervention in New York State Supreme Court. (Def.'s Mem., p. 2). At a hearing on Plaintiff's motion to proceed *in forma pauperis*, the court

---

[2] The EEOC Dismissal and Notice of Rights is attached as an exhibit to the Complaint (Docket No. 1) and as Exhibit B to the Affidavit of Michael R. Moravec in Support of Defendant's Motion to Dismiss (Docket No. 9).

denied the motion and directed Plaintiff to properly file a petition pursuant to New York Executive Law § 298. (Covey Aff., ¶¶ 3-5). On July 20, 2005, Plaintiff filed a handwritten "Notice of Appeal" naming Ms. Lebron and P.S. Elliott, Inc. as defendants and seeking judicial review of the DHR decision. In his "Notice of Appeal," Plaintiff alleged that his supervisor demanded that he have a sexual relationship with her and if he refused, she would fire him. (Pl.'s App., p. 1).[3] He also alleged that the DHR caseworker prevented his case from receiving a full and fair review. (Pl.'s App., pp. 4-7).

On August 3, 2005, P.S. Elliott, Inc. filed a Motion to Dismiss the complaint on the grounds that, *inter alia*, it was time-barred and did not meet the procedural requirements of Executive Law § 298. (Def.'s Mem., p. 2). The Honorable Joseph D. Mintz, New York State Supreme Court Justice, conducted several hearings and granted Plaintiff two extensions of time to properly file his notice of petition and petition. (Def.'s Mem., p. 3). On October 25, 2005, Justice Mintz held a final hearing at which Plaintiff did not appear. Accordingly, Justice Mintz granted Defendant's motion and dismissed the complaint on the merits for failure to comply with the court's previous directives and to timely file his petition. (Tr., pp. 2-3).[4]

On September 29, 2005, while the New York State Supreme Court proceedings were ongoing, Plaintiff commenced the instant action against P.S. Elliott, Inc., Miriam Lebron, DHR, and the DHR investigator, Brenda Johnson, by filing a Complaint in the

---

[3] Plaintiff's "Notice of Appeal," which he filed in New York State Supreme Court, is attached as Exhibit C to the Affidavit of Michael R. Moravec in Support of Defendant's Motion to Dismiss (Docket No. 9).

[4] "Tr." refers to the transcript of the hearing on October 25, 2005, held before Justice Mintz, dismissing Plaintiff's state court action. It is attached as Exhibit G to the Affidavit of Michael R. Moravec in Support of Defendant's Motion to Dismiss (Docket No. 9).

United States District Court for the Western District of New York. (Compl., p. 1). On October 28, 2005, this Court dismissed the action against all parties except Defendant P.S. Elliott, Inc. (Docket No. 5). On January 23, 2006, Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(6), raising the doctrine of res judicata.[5]

### III. DISCUSSION

#### A. Motion to Dismiss Standard

Under Rule 12 (b)(6) of the Federal Rules of Civil Procedure, a court may grant a defendant's motion to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). The court should grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gagliardi v. Vill. of Pawling, 18 F.3d 188, 191 (2d Cir. 1994) (internal citations and quotations omitted). In reviewing a Rule 12(b)(6) motion, a court must accept all of the allegations contained in a plaintiff's complaint as true and must draw all inferences in favor of the plaintiff. Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 145 (2d Cir. 2002). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) (citing Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998)).

#### B. Defendant's Motion to Dismiss

Defendant argues that the doctrine of res judicata compels this Court to dismiss Plaintiff's complaint in its entirety. Defendant contends that Plaintiff chose to appeal the decision of the DHR in New York State Supreme Court, where it was dismissed on the

---

[5] In Support of its Motion, Defendant filed an Affidavit of Michael R. Moravec, Esq. with exhibits, an Affidavit of Tracie L. Covey, Esq., a Memorandum of Law, and a Reply Memorandum of Law. Plaintiff filed a Response to Motion to Dismiss and a Reply to Defendant's Reply Memorandum in opposition to the Motion.

4

N/A

merits. Thus, Plaintiff is precluded by the doctrine of res judicata from bringing his claim before the federal court. (Def.'s Mem, pp. 5-6). Plaintiff argues that he was denied a full investigation at the administrative level, sought to withdraw his appeal in the state court, and should be permitted to pursue his claim in federal court. (Pl.'s Resp., ¶ 7; Pl.'s Reply, p. 1).

### 1. The Doctrine of Res judicata

The doctrine of res judicata, or claim preclusion, dictates that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 400 F.3d 139, 141 (2d Cir. 2005) (citations omitted). Under 28 U.S.C. § 1738, federal courts are required "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L. Ed. 2d 262 (1982). Res judicata even applies "to a decision of a state court upholding a state administrative agency's rejection of an employment discrimination claim as meritless when the state court's decision would be res judicata in the [s]tate's own courts." Id. at 463.

New York State applies a transactional test to res judicata. That is, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan, 263 F.3d 196, 200 (2d Cir. 2001) (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)). The Supreme Court has expressly held that res judicata applies to discrimination claims that are originally brought in state court and then subsequently filed in federal court under Title VII, given the

similarity between state and federal anti-discrimination laws. Kremer, 456 U.S. at 478 (holding that "[d]epriving state judgments of finality not only would violate basic tenets of comity and federalism, but also would reduce the incentive for States to work towards effective and meaningful antidiscrimination systems") (citations omitted).

Kremer is instructive on the issue of when res judicata applies to a plaintiff's Title VII employment discrimination claim. In Kremer, plaintiff filed a charge of employment discrimination with New York's DHR and with the EEOC. The DHR ruled that no probable cause existed to show that Petitioner's employer had discriminated against him. This initial DHR determination was upheld on administrative appeal to the DHR's Appeals Board, and on judicial appeal to the Appellate Division of the New York State Supreme Court. The plaintiff thereafter filed a Title VII employment discrimination suit in the United States District Court for the Southern District of New York, which dismissed the complaint on the basis of res judicata. The Second Circuit affirmed the District Court's determination, and the Supreme Court granted plaintiff's petition for a writ of certiorari. In affirming the Second Circuit's decision, the Supreme Court held that as long as the state level review met the basic requirements of due process, res judicata would apply. Id. at 482. Evaluating the New York DHR's procedures specifically, the Court held, "[w]e have no hesitation in concluding that this panoply of procedures, complemented by administrative as well as judicial review, is sufficient under the Due Process Clause." Id. at 484.

In the instant case, Plaintiff asks this Court to review a discrimination claim that arises out of the "same transaction or series of transactions" as the appeal he filed in New York State Supreme Court, and implicates the same parties. The record is clear that DHR advised Plaintiff that it was likely that an adverse state court decision would preclude him from bringing a claim in federal court. Specifically, the DHR Determination and Order,

6

which Plaintiff attached to his Complaint, explicitly states:

> PLEASE TAKE FURTHER NOTICE that a complainant who seeks state judicial review and who receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court by virtue of Kremer v. Chemical Construction Co., 456 U.S. 461 (1982).

(DHR Ord., p. 4). Given that Plaintiff was notified of the preclusive effect of seeking judicial review in the state courts, this Court need only determine whether the New York State Supreme Court rendered a final judgment in Plaintiff's case.

### 2. Final Judgment on the Merits

Plaintiff argues that because he "abandoned" his state claim to pursue his claim in federal court, the New York State Supreme Court did not decide his case on the merits. Moreover, he argues that the facts of his claim have never been heard because DHR and the EEOC failed to conduct a complete investigation or a hearing. For the following reasons, this Court disagrees and finds that Plaintiff's Complaint must be dismissed.

Under New York law, a dismissal for failure to prosecute constitutes a final judgment of a claim, which precludes litigation of the same issue. Bray v. Cox, 38 N.Y.2d 350, 355 (1976) (holding that "the dismissal of an appeal for want of prosecution [is] on the merits of all claims which could have been litigated had the appeal been timely argued or submitted"). The New York Court of Appeals has held that allowing a second appeal of the same issue where a litigant had abandoned the first appeal, would "encourage laxity" and "foster disrespect and indifference toward our rules and orders." Rubeo v. Nat'l Grange Mut. Ins. Co., 93 N.Y.2d 750, 754 (1999) (quoting People v. Corley, 67 N.Y.2d 105, 109 (1986)).

Consistent with this principle, federal courts have declined to reach the merits of a discrimination claim, which had been dismissed by the state court for failure to prosecute.

7

For example, in Peavy v. Polytechnic Inst. of N.Y., 768 F. Supp. 35, 36 (E.D.N.Y. 1990), the United States District Court for the Eastern District of New York barred plaintiff from pursuing his discrimination claim in federal court after a state court dismissed his DHR appeal "for want of timely prosecution." In so holding, the District Court reasoned that:

> [w]hile this result may seem harsh, this court . . . finds no adequate basis for distinguishing this case from those cases cited applying settled New York state law. 'Once a plaintiff has entered the state court system, [he or] she is bound by the preclusion rules governing that system, and the federal courts in turn must respect the finality of the judgments that issue from the state court.'

Id. at 37 (quoting Bray v. N.Y. Life Ins., 851 F.2d 60, 64 (2d Cir. 1988)).

State and federal courts within New York construe the dismissal of a claim for lack of timeliness with similar finality. See Palm Mgmt. Corp. v. Goldstein, 29 A.D.2d 801, 804 (2d Dep't 2006) (reasoning that "[a] dismissal on the ground of untimeliness 'is at least sufficiently close to the merits for claim preclusion purposes to bar a second action'") (quoting Smith v. Russell Sage Coll.,54 N.Y.2d 185, 194 (1981)). In Bray, the Second Circuit Court of Appeals dismissed plaintiff's employment discrimination action on the basis of res judicata, although the state court denied Bray's petition for review of a DHR decision "for failure to commence this proceeding within sixty days as required by section 298 of the Executive Law," and never reached the facts of her claim. Bray, 851 F. 2d at 62. In dismissing the complaint, the Second Circuit recognized "the unfairness of precluding Bray from having a court reach the merits of her claim," particularly since her state court action was filed only one day late. Id. at 64. Nonetheless, it found that "there [was] no principled basis upon which to distinguish her case from the governing New York law." Id. at 64.

This Court finds that the facts of the instant case are indistinguishable from those

presented in both Peavey and Bray. In the case at bar, Plaintiff chose to pursue his action in state court. On August 30, 2005, and September 13, 2005, New York State Supreme Court Justice Joseph D. Mintz directed Plaintiff to file his notice of petition and petition in compliance with Executive Law § 298, and gave him an extension of time in which to do so. (Moravec Aff., ¶¶ 7, 8, 10). When Plaintiff failed to appear at the final hearing on October 25, 2005, Judge Mintz dismissed the action "on the merits." (Tr., p. 3). In dismissing Plaintiff's case, Judge Mintz reasoned that Plaintiff had "fail[ed] to comply with this Court's previous order giving him up until today's date to properly serve papers," and that the case presented a time limitation issue. (Tr., p. 3).

Plaintiff claims that he advised the New York State Supreme Court over the phone that he intended to pursue his discrimination complaint in the United States District Court. Having initially commenced his action in New York Supreme Court, however, Plaintiff was obligated to pursue his complaint with reasonable diligence.[6] Peavy, 768 F. Supp. at 36; Bray, 851 F. 2d at 64. The fact that Plaintiff was proceeding *pro se*[7] did not "exempt [him] from compliance with relevant rules of procedural and substantive law." Lloyd v. S. Shore Ass'n for Indep. Living, No. 05-CV-4949 ADS/ETB, 2006 WL 721346, at *2 (E.D.N.Y. Mar. 16, 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotations omitted)). This is particularly true given that DHS advised Plaintiff of the preclusive consequences of filing in state court, and that Judge Mintz warned Plaintiff (more than once) that his case would be dismissed if he failed to comply with Executive Law § 298.

---

[6]Because Plaintiff filed his complaint in New York State Supreme Court, he did not have the right to remove his case to federal court. Under the rules governing removal from state court, only a defendant has the right to request a removal to federal court. 28 U.S.C. §§ 1441-52; See also Jones v. City of Buffalo, 867 F. Supp. 1155, 1165 (W.D.N.Y. 1995).

[7]The record reflects that Plaintiff was represented by counsel at some point during the DHR investigation and his state court action. See Plaintiff's letters to Mr. Montroy, dated March 16, and May 4, 2005, attached to the Complaint (Docket No. 1).

9

Based on the foregoing, this Court finds that Plaintiff's case must be dismissed on the basis of res judicata.

## IV. CONCLUSION

Because the New York State Supreme Court decided Plaintiff's claim "on the merits," the doctrine of res judicata precludes this Court from considering his claim. Defendant's Motion to Dismiss is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## V. ORDERS

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of the Court shall take the steps necessary to close this case.

SO ORDERED.

Dated:   August 24, 2006
          Buffalo, New York

                                                 /s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                                 United States District Judge